**52**

rization of the Court or written consent of the custodial parent.

The order entered by the trial court would have required the written consent of the custodial parent before the court could even consider allowing husband to remove the child from the United States. That order gave wife a complete veto over husband's travel plans, without affording him the opportunity to take the matter up with the court. Such an order was not supported by the evidence. Husband's point is denied except to the extent in which this court has modified the order.

 In his second point on appeal, Husband argues that the trial court erred in ordering him to pay $200.00 per month in maintenance. Husband contends that there was insufficient evidence upon which the trial court could conclude that Wife was unable to provide for her reasonable needs through her own separate property and employment.

Maintenance awards are reviewed only for abuse of discretion. *Jung v. Jung,* 886 S.W.2d 737 (Mo.App.1994). An abuse of discretion occurs when a ruling is clearly against the logic of the circumstances and is so arbitrary as to shock one's conscience and indicates a lack of consideration. *In re Marriage of Vinson,* 839 S.W.2d 38 (Mo.App. 1992). No such abuse of discretion occurred in this situation. Wife was employed at the end of the trial as a medical assistant earning $7.66 per hour. This employment was appropriate given her educational background. Such employment gave her a gross income of $1,327.00 per month. She submitted an income and expense statement to the court indicating expenses of $2,557.62 per month. Even with the $669 per month of child support, wife was left with a substantial shortfall in her monthly expenses. While husband challenges the expense report, it is not the role of this court to weigh the evidence again. The expense report provided sufficient evidence for the trial court to impose $200.00 per month in maintenance. Point denied.

In his final point on appeal, husband challenges the court's order that he pay $8,000 of wife's attorney's fees. Husband claims that the court did not take into consideration all relevant factors, including the fact that husband was responsible for a mortgage on his failed medical practice, that husband had his own substantial legal bills, and that husband had been required to pay significant temporary maintenance and child support to wife.

Section 452.355 RSMo 1994 gives the trial court the authority to order one party to pay the reasonable attorney's fees of another party after considering, "all relevant factors including the financial resources of both parties." The trial court's allocation of attorney's fees will only be overturned if complainant can show that the court abused its broad discretion. *Kieffer v. Kieffer,* 590 S.W.2d 915, 919 (Mo.banc 1979). Husband has failed to do so in the present case. The evidence presented to the trial court clearly indicated that Husband had greater financial resources than wife and was better able to afford the attorney's fees. Wife's counsel presented evidence to the court concerning his hourly fees and the total amount of work done. As the trial court is an expert in the area of attorney's fees, this was sufficient to prove the reasonableness of the fees. *In re Marriage of Kovach,* 873 S.W.2d 604 (Mo. App.1993). We find no abuse of discretion. Point denied.

We affirm the judgment as modified herein.

SIMON and KAROHL, JJ., concur.

■

**P., W.E., Appellant,**

v.

**L., R. Jr. & L.T., Respondents.**

**No. 70057.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 29, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1996.

Party acting pro se, Jefferson City, for Appellant.

Jamis Kresyman, Clayton, for Respondents.

Before RHODES RUSSELL, P.J., and SIMON and KAROHL, JJ.

## ORDER

PER CURIAM.

W.E.P., pro se, appeals from the a decree of adoption of the Circuit Court of St. Louis County.

We affirm the decree pursuant to Rule 84.16(b). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. A memorandum, solely for the use of the parties involved, has been provided explaining the reason for our holding.

**Scott BRASWELL, Plaintiff/Appellant,**

v.

**Michael CHEHVAL, M.D., et al., Defendants/Respondents.**

No. 70065.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 29, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1996.

Mark I. Bronson, Newman & Bronson, St. Louis, for plaintiff/appellant.

Kevin F. O'Malley, Debra Stachowski Pierce, Stokes & O'Malley, P.C., Clayton, for Michael J. Chehval, M.D.

Gary P. Paul, Brinker, Doyen & Kovacs, P.C., Clayton, for St. John's Mercy Medical Center.

PUDLOWSKI, Judge.

Scott Braswell (Patient) appeals the decision of the St. Louis County Circuit Court sustaining Michael Chehval, M.D. (Doctor) and St. John's Mercy Medical Center's (Hospital) motions to dismiss. Doctor and Hospital's motions were granted based on a violation of the statute of limitations. We affirm.

Patient sought care and treatment from Doctor for distal shaft hypospadias[1]. On 6 June 1990, Patient underwent surgery at Hospital to repair the hypospadia and was

---

1. Hypospadias is an "abnormal congenital opening of the male urethra upon the undersurface of the penis." Taber's Cyclopedic Medical Dictionary, page 698 (1981).